IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOHN D. FAILS, PRO SE, § <br> also known as § <br> JOHN D. FAILS, JR. § <br> also known as § <br> JOHN DANIEL FAILS, JR. § <br> TDCJ-CID No. 1335587, § <br> Previous TDCJ-CID No. 1330335, § <br> Missouri DOC No. 517723, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DAVID R. BASSE, M.D., ET AL., § <br> § <br> Defendants. § | 2:09-CV-0266 |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JOHN D. FAILS, acting pro se and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against three defendants under contract with the Texas Tech University Health Sciences Center and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his October 28, 2009 original complaint, plaintiff complains, in general and conclusory language, that defendant Dr. BASSE was deliberately indifferent to plaintiff's unidentified serious medical needs and that defendants WINSCHEL and DE SHIELDS were deliberately indifferent to plaintiff's serious medical needs when they failed to satisfactorily resolve plaintiff's complaints about the medical care provided by defendant BASSE. The

complete absence of factual allegations is somewhat cured by the factual allegations contained in plaintiff's Declaration in Support of Complaint, which he filed contemporaneously with his complaint. The Court construes this document to be part of plaintiff's statement of claim. Moreover, upon receipt of plaintiff's submission, the Court issued a briefing order to allow plaintiff to provide additional factual specificity to his claims.

Plaintiff requests unspecified injunctive relief, with compensatory and punitive damages, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Defendant DeSHIELDS is the Medical Director of the Texas Tech University Health Sciences Center; defendant WINSCHEL is Medical Administrator of the Texas Tech University Health Sciences Center at the Neal Unit, and defendant Dr. BASSE is a physician contracted with the Texas Tech University Health Sciences Center and working at the Neal Unit.

**Defendant DeSHIELDS**

The Court notes plaintiff previously prosecuted claims identical to those presently asserted against defendant DESHIELDS. In cause no. 2:08-CV-0088, *John D. Fails v. Denise DeShields, Brad Livingston, Gerald Davis, and Rissie Owens*, plaintiff sued defendant DeShields on a claim of deliberate indifference to his serious medical needs arising from the medical care he received for his knees after his January 29, 2006 knee injury.

Consequently, plaintiff's present claim against defendant DeSHIELDS is duplicative of that asserted in cause no. 2:08-CV-0088 and is, therefore, malicious.

**Defendant BASSE**

Plaintiff dated his complaint as having been signed on October 28, 2009. For purposes of this analysis, the Court applies the Mailbox Rule and assumes a filing date of October 28, 2009. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th

Cir. 1993). Review of plaintiff's complaint, his contemporaneously filed Declaration in Support of Complaint, and his November 16, 2009 Response fails to reveal any act or omission alleged against defendant Dr. BASSE which occurred later than July of 2007.

Limitations has expired, and plaintiff's claims arising from the events alleged against defendant BASSE have expired with it. Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant WINSCHEL**

As to plaintiff's claims against defendant WINSCHEL, plaintiff alleges his complaints concerning the medical care for his knees were not satisfactorily resolved. Plaintiff's letter or grievance did not establish any duty upon the defendant. Plaintiff has alleged no fact showing WINSCHEL was personally involved in his medical care. In fact, the only basis for suing defendant WINSCHEL appears to be his supervisory position as Medical Administrator of the Texas Tech University Health Sciences Center at the Neal Unit.

The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff's complaints about medical care which he did not find

4

satisfactory, would not place the defendant on notice that there was a substantial risk of serious harm to plaintiff's health or safety.

Plaintiff has alleged no fact demonstrating personal involvement by defendant WINSCHEL and has alleged no fact showing any causal connection between his acts and the alleged constitutional violation. Consequently, plaintiff's allegations against this defendant fail to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JOHN D. FAILS is DISMISSED WITH PREJUDICE AS MALICIOUS, AS FRIVOLOUS, AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

The Court declines to exercise pendant jurisdiction of any state law claims asserted; and they are DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the _25th_ day of February, 2010.

_____
MARY LOU ROBINSON
United States District Judge